CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/27/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LEW ANNE MAYHEW,<br><br>        *Plaintiff*,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>        *Defendant*. | CASE NO. 6:17-cv-00047<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

   This matter is before the Court on consideration of the parties' cross-motions for summary judgment (dkts. 15, 19), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 25, hereinafter "R&R"), Plaintiff's objections (dkt. 27, hereinafter "Objections"), and the Commissioner's response thereto (dkt. 29, hereinafter "Response"). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou's R&R advised this Court to deny Plaintiff's motion and grant Commissioner's motion. The Court now undertakes a *de novo* review of those portions of the R&R to which Plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because the objections lack merit, the R&R will be adopted as modified herein.

        **I.  Standard of Review**

   A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Bird v. Comm'r of SSA*, 669 F.3d 337, 340 (4th Cir. 2012). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of

evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id*.

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## II. Analysis

Plaintiff does not object to the R&R's recitation of the facts or claim history in this case, and for that reason I incorporate that portion of the R&R into this opinion. (*See* R&R at 2-3). Briefly, Plaintiff filed for disability insurance benefits under the Social Security Act based on degenerative disc disease and radiculopathy. (R&R at 3 (citing R67)).[1] The ALJ found that Plaintiff was capable of performing work that was available in the economy, and thus, Plaintiff

---

[1] The Court denotes citations to the administrative record as "R" followed by the page number.

was not disabled. (R&R at 2–3 (citing R76–77)). The Appeals Council denied Plaintiff's request for review. (R&R at 3 (citing R1–6)).

Plaintiff lodges three objections to Judge Ballou's R&R. First, she contends that the ALJ's decision regarding the weight of her treating physician's (Dr. Dehli) opinion is not supported by substantial evidence. (Objections at 1). Second, she argues that the ALJ's conclusion that her allegations regarding her limitations are not credible is not supported by substantial evidence. (*Id*. at 6). Finally, she contends that the additional evidence she submitted to the Appeals Council warrants remand of her case. (*Id*. at 8).

The Commissioner contends that Plaintiff did not object with enough specificity to warrant *de novo* review. (Response at 1–2). This argument fails. While a "general objection to the entirety of the magistrate's report" would have the "same effect as an outright failure to object," Plaintiff here directs the Court to "specific error[s] in the magistrate's proposed findings and recommendations." *Veney v. Astrue*, 539 F.Supp.2d 841, 844–45 (W.D. Va. 2008). *See also Merritt v. Chcoran-Youell*, 269 Fed. App'x 268, 269 (4th Cir. 2010). Regarding Judge Ballou's review of Dr. Dehli's opinion and the Plaintiff's own credibility, Plaintiff alleges a failure to acknowledge the "very limited extent of activities performed by Plaintiff" or to identify a "logical bridge between the evidence and [the ALJ's] findings." (Objections at 2, 5). Plaintiff also objects to the R&R's finding that the additional evidence submitted to the Appeals Council was not material. (Objections at 8). The Court concludes these objections are sufficiently raised and thus will consider them.

a. **A Treating Physician's Opinion**

"Courts evaluate and weigh medical opinions pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between

3

the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2010) (citing 20 C.F.R. § 404.1527 (2005)). Insofar as Plaintiff's objection asks the Court to re-weigh these factors, the Court may not do so. *See Hays v. Sullivan*, 907 F.2d 1453 1456 (4th Cir. 1990) ("[I]it is not within the province of a reviewing court to determine the weight of the evidence."). However, Plaintiff objects to the ALJ and the R&R's consideration of the fourth factor, claiming that the limited extent of her daily activities was not addressed. (Objections 2–3). After examining the record, the Court agrees with Judge Ballou that the ALJ's determination was supported by substantial evidence.

Plaintiff claims that the daily routine she described is not so "robust" as to warrant the ALJ's determination that Dr. Dehli's testimony regarding her limitations deserves less weight. (*Id*.) The ALJ discussed Plaintiff's "daily activities of cooking, cleaning, performing yard work, [and] performing farm work...," and concluded that these activities were "inconsistent[] for one who is asserting she is completely disabled." (R&R at 10 (citing R74–75)). Plaintiff argues that the ALJ's failure to acknowledge the limited extent of those activities makes this case comparable to *Brown v. Comm'r*. 873 F.3d 251, 269 (4th Cir. 2017) (holding that ALJ erred in rejecting opinions of treating physician where there was no "logical bridge from the evidence to his conclusion"). In *Brown*, the Fourth Circuit found that the record did not support the ALJ's decision to credit the non-treating physician over the treating and examining sources. *Id*. That is not the case here.

Unlike in *Brown*, the ALJ here recognized Plaintiff's limitations, (R70), and provided a "narrative discussion describing how the evidence supports each conclusion," creating the required "logical bridge," between his findings and the weight given to Dr. Dehli's opinion.

4

*Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). The ALJ began by recognizing that Plaintiff prepared simple meals "such as sandwiches, frozen dinners" and only cooked "home cooked meat, potatoes, and vegetables once or twice a week." (R71). He also noted that "[s]he did all house hold chores, but not every day like she used to." (R71). After acknowledging Plaintiff's report of her activities, the ALJ went on to review the medical record. (R71–74, 249–51). In this review, the ALJ noted consistent, normal strength and reflexes as well as routine and conservative treatment. (R71–75). These findings are consistent with the record, which describes normal muscle tone and strength, and discusses injections and opioids as treatment options. (*See, e.g.,* R362–63, 543–44). The ALJ then explains that multiple visits with different physicians over three and a half years "show no evidence of decreased sensation or weakness" and do not support the limitations as described by Dr. Dehli. (R75).

In sum, the ALJ acknowledged Plaintiff's limitations, weighed them against the rest of the medical record, and found that the evidence did not weigh in favor of crediting Dr. Dehli's opinion. It is not for this Court to reweigh the evidence, and, because a reasonable mind could accept the rationale offered by the ALJ, this Court must defer to his decision. *Craig*, 76 F.3d at 589. Accordingly, Plaintiff's objection to the ALJ's treatment of Dr. Dehli's opinion will be overruled.

  b. **Credibility**

Plaintiff next objects to the R&R's conclusion that substantial evidence supports the ALJ's determination that her allegations regarding her limitations are not entirely credible. (Objections at 6). She bases this objection on the same grounds discussed above, namely, that the ALJ gave insufficient consideration to the limited extent of her daily activities. *Id*. But the ALJ did not base his opinion solely on her reports regarding daily activity. (*See, e.g.*, R&R at 8-

5

9, R75). The "[s]ubjective complaints and statements of symptoms, like all other evidence of disability, [were] considered in context of the record as a whole." (R&R at 9-10 (citing 20 C.F.R. § 404.1529)). Plaintiff's allegations about her pain "need not be accepted to the extent they are inconsistent with available evidence," such as conservative treatment. *Dunn v. Colvin*, 607 Fed.App'x 264, 274-75 (4th Cir. 2015) (internal citations omitted).

Here, the ALJ considered Plaintiff's activities as they were reported, and used them, as well as the medical evidence, to support his finding that Plaintiff's subjective description of her limitations was not completely credible. (R75). When a claimant contends that her disability prevents her from working at all, the ALJ can consider multiple factors in determining her credibility. *See, e.g.*, *Dunn*, Fed. App'x 607 at 275 (finding conservative treatment to be a reasonable basis for determining that the claimant's allegations regarding her pain were not credible). The ALJ did not ignore Plaintiff's limitations, and this Court cannot require him to place a certain weight on those subjective allegations. *See, e.g.*, *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("Pain is not disabling *per se*, and subjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof") (internal citations omitted). Accordingly, Plaintiff's objection will be overruled.

**c. Additional Evidence**

Plaintiff's final argument is that new evidence submitted for the first time to the Appeals Council warrants remand. In the Fourth Circuit, a claimant can secure a remand based on additional evidence submitted to the Appeals Council after the ALJ's decision if that evidence is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir. 1991). Evidence is new where it is not "duplicative or cumulative," and it is material if there is a

6

"reasonable possibility that [it] would have changed the outcome." *Id*. Here, the new evidence includes records relating to a January 2016 lumbar MRI and subsequent spinal surgery on November 11, 2016. (R&R 10 (citing R2)). The evidence is not duplicative or cumulative, and thus qualifies as "new," since it contains evidence of the need for, and receipt of, treatment not previously considered. *See Dunn v. Colvin*, 973 F. Supp. 2d 630, 650 (W.D.Va 2013) ("[T]he additional treatment records are clearly new evidence"). Therefore, in assessing whether remand is appropriate, the Court need only address whether the new evidence is material and relates back to the relevant time period.

The R&R found the new evidence in question was not material because "knowledge of the surgery likely would not have altered the ALJ's decision." (R&R at 12). Having reached this conclusion, Judge Ballou found it unnecessary to reach the relation back inquiry. After undertaking *de novo* review, the Court reaches the same ultimate conclusion but for a different reason. The Court concludes that the new evidence is not material because it does not relate back to the period on or before the date of the ALJ's decision. *See Salling v. Apfel*, 201 F.3d 437, at *2 (4th Cir. 1999) (unpublished table opinion) ("[B]ecause the evidence . . . did not relate to the period on or before the date of the ALJ's hearing decision, it cannot change the outcome in this case, and thus is not material.").

The touchstone of the relation back inquiry is whether the new records relate back to the period on or before the date of the ALJ's decision, January 21, 2016, or reflect subsequent deterioration in Plaintiff's condition. *Waldren v. Comm'r of SSA*, No. 6:13-CV-00053, 2014 WL 7339190, at *7 (W.D. Va. Dec. 23, 2014). Where nothing "permit[s] an inference of linkage" between the new evidence and Plaintiff's condition prior to the ALJ's decision, the evidence does not relate back to the relevant time period. *Bird*, 669 F.3d at 341. Plaintiff must show more

7

than continued pain and the eventual need for surgery. *Waldren*, 2014 WL at *6 (denying remand where "[t]he new evidence simply demonstrate[d] that [claimant's] condition worsened shortly after the ALJ's decision"). Here, Plaintiff does not demonstrate the required linkage, and therefore the new evidence does not relate back to the relevant date.

The new evidence shows that Plaintiff continued to receive injections for her lower back pain until August 8, 2016. (R32). Treatment notes from Harron Neurosurgery indicate that, on that date, Plaintiff stated she did not wish to undergo any additional injections and opted for surgical treatment. *Id*. This change in treatment shows Plaintiff's condition at a specific moment in time—almost seven months after the ALJ's decision. *Waldren*, 2014 WL at *6; (R&R12 (citing R53, 57)). While evidence can be given retrospective consideration, there must be some indication that the change is linked to deterioration that began prior to the ALJ's decision. *Bird*, 669 F.3d at 341; *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005) (requiring objective evidence that impairments existed at the relevant time). Here, there was no treatment change prior to the ALJ's decision. In fact, the new evidence shows that the same treatment continued up to five months after the ALJ's decision. (R58).

Plaintiff points to a January 2016 MRI, stating that it confirms the severity of her impairment prior to the ALJ decision. (Dkt. 16 at 22–23). The MRI "revealed bulging lumbar discs…and degenerative disc disease." (R&R at 12). However, the MRI alone is only probative of Plaintiff's condition at the time of the test. Without evidence linking the MRI's findings to the Plaintiff's condition prior to the ALJ's decision, it would "require pure conjecture by the court to conclude that these new records relate" to Plaintiff's capacity during the relevant time period. *Waldren*, 2014 WL at *6.

This case must be separated from cases where retrospective consideration is appropriate. In those cases, the retrospective evidence "could be reflective of a possible earlier and progressive degeneration." *Bird*, 699 F.2d at 341.[2] *See also*, *Wilkins*, 953 F.2d at 94–95 (finding that additional evidence "clearly" related back to the relevant time period where the doctor expressly stated the condition existed at that time). But here, the record indicates that leading up to the ALJ's disposition, Plaintiff's condition was not deteriorating. For instance, in January 2015, Plaintiff reported that her average pain level was 8/10, but by September 2015, her average pain level had decreased to 4/10. (R511, 600).

The Court recognizes that the new evidence Plaintiff submits includes treatment notes stating that Plaintiff's condition worsened. For example, Plaintiff's back pain after surgery was "slightly worse," she could only walk up to three minutes without significant pain, could only comfortably sit for thirty minutes or less, and could not stand for more than three minutes without aggravating pain. (R18–19, 21, 40). But there is no evidence that links these reports to Plaintiff's condition prior to the ALJ's decision. (R73). *See Bird*, 699 F.3d at 342 (requiring "sufficient linkage of a possible earlier and progressive degeneration" when considering evidence created after the relevant date). For that reason, the evidence does not "relate[] to the period on or before the date of the ALJ's decision," and thus does not warrant remand. Because the Court reaches this conclusion, it need not decide whether Plaintiff's new evidence would otherwise be material if it related to the period on or before the ALJ's decision.

---

[2] The procedural posture in *Bird* was different from this case. In *Bird*, the Fourth Circuit considered whether medical evidence created after the date last insured should relate back to that date. However, as the dissent in *Finney v. Colvin* notes, "[w]hatever event terminates the relevant period, the basic principle is the same: the relevance of a claimant's medical records turns not on when those records were created, but on whether they are probative of the claimant's condition during the relevant period." 637 Fed. Appx 711 (4th Cir. 2016) (unpublished). *See also Booker v. Colvin*, No. 1:13-cv-2033, 2014 WL 6816878, *2 (D.S.C. 2014) (citing *Bird* for the same proposition).

### III. Conclusion

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, the Court concludes that Plaintiff's objections are without merit. Accordingly, I will enter an order overruling her objections, denying her motion for summary judgment, granting the Commissioner's motion for summary judgment, and dismissing and striking this action from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this  27th  day of September, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE